By the Court. Duer, J.
The widow in this case took the whole estate subject to the maintenance and education of the children, as a charge, which a court of equity might enforce *59 (2 Hare, 607. 10 Simons, 293. 8 L. and Eq. R., p. 53), but which created no trust under the provisions of the R. S. She was not bound to apply the whole rents and profits to the use of the children, and hence the case is not covered by sub. 3, § 55 in the title of uses and trusts (1 R. S., p. 328), and it is only an express trust created under this subdivision, which suspends at all the power of alienation. Under the provisions of this will there is no suspense except such as may be occasioned by the minority of the children—there is none which is caused by any limitation or condition in the will (1 R. S. § 15, p. 23).
Even could we hold that the will creates an express trust suspending the power of alienation, the suspense is limited to a single minority, and is therefore valid. According to the settled construction of such a limitation, the suspense would terminate on the death of John the youngest child, and is therefore confined to a single life in being. We see nothing in the provisions of the will that should lead us to depart from the general rule. On the contrary, we believe that a single minority was selected for the very purpose of meeting and avoiding the objection that has been relied on. Should John die during his minority, the fee would vest immediately in the surviving children, and in the fee, the charge for their education and maintenance would necessarily be merged. The estate of the widow and the trust attached to it would then cease.
The principles of our decision in Lang v. Ropke (5 Sand. 368), will be found on examination to embrace this case.
The judgment at Special .Term is affirmed with costs.